IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ROBERT E. BUSH** | : | Case No. 2:08-cv-0537 |
| **Plaintiff,** | : | |
| v. | : | **JUDGE ALGENON L. MARBLEY** |
| | : | Magistrate Judge Kemp |
| **THE DIRECTOR OF MEIGS COUNTY OHIO, CSEA** | : | |
| **Defendant.** | : | |

## OPINION & ORDER

### I. INTRODUCTION

Plaintiff Robert E. Bush ("Bush") brings this action against the Director of Meigs County Ohio Child Support Enforcement Agency ("Meigs CSEA"). Plaintiff's claim stems from the garnishment of his social security benefits pursuant to a court ordered alimony decree. Plaintiff has filed a Petition for Injunction to enjoin Defendant from garnishing his social security benefits. Defendant moves to dismiss the Petition for Injunction pursuant to Federal Rule of Civil Procedure 12(b)(1). For the reasons set forth below, the motion is **GRANTED**.

### II. BACKGROUND

**A. Factual Background**

On August 19, 1996, Plaintiff and his wife entered into a no-contest divorce. Plaintiff agreed to pay his wife $800.00 per month in alimony pursuant to a Judgment Entry issued by the Meigs County Court of Common Pleas ("Spousal Support Order"). In May of 1999, Plaintiff suffered a stroke and was left permanently disabled. Plaintiff notified Meigs CSEA of his condition. As a result of his disability, Plaintiff began receiving social security benefits. On

1

March 14, 2002, Defendant began garnishing Plaintiff's social security wages to comply with the Spousal Support Order, which Plaintiff alleges left him with only $306.00 to live on each month.

On December 14, 2007, Plaintiff and his wife were remarried. On December 21 of the same year, Plaintiff's wife sent Defendant a Waiver of Alimony, waiving her right to receive any alimony owed to her as of November of 2007. Despite this waiver, Defendant has continued to withhold Plaintiff's social security wages in order to comply with the Spousal Support Order.

### B. Procedural History

On November 4, 2003, Plaintiff filed a claim seeking a Waiver of Alimony with the Meigs County Court of Common Pleas. The court found that the terms of the Spousal Support Order did not contain a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support. The court held, therefore, that it had no jurisdiction over Plaintiff's claim. On June 5, 2008, Plaintiff filed a Petition for Injunction to enjoin Defendant from garnishing Plaintiff's social security benefits in order to satisfy the Spousal Support Order. Defendant responded to Plaintiff's Petition with a Rule 12(b)(1) Motion to Dismiss, which is now before this Court.

### III. STANDARD OF REVIEW

Federal courts are courts of limited subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). It is well settled that Congress has conferred original subject matter jurisdiction in the federal courts in two instances. First, federal courts have original jurisdiction in diversity actions, which includes "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between

citizens of different States." 28 U.S.C. § 1332.[1] Second, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This type of jurisdiction is commonly referred to as federal question jurisdiction.

Federal Rule of Civil Procedure 12(h)(3) instructs that "[w]henever it appears by the suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." The party that invokes federal jurisdiction has the burden of establishing its existence. *Moir v. Greater Cleveland Reg'l Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may attack the complaint on its face or may go beyond the complaint and challenge the factual existence of subject matter jurisdiction. *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005). The resolution of a factual attack does not depend on the sufficiency of the pleading's allegations as the "the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *United States v. Ritchie*, 15 F. 3d 592, 598 (6th Cir. 1994). "On such a motion, no presumptive truthfulness applies to the . . . allegations." *Id.*

## IV. LAW AND ANALYSIS

Plaintiff argues in his Petition for Injunction that his social security benefits are being wrongfully withheld, and that as a result, he is being denied his basic fundamental rights under the Constitution of the United States. Plaintiff brings this action under 42 U.S.C. § 1983, which he argues confers federal question jurisdiction on this Court. Defendant asserts this action must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because the Court lacks subject matter jurisdiction to hear the Plaintiff's claim.

---

[1] It is undisputed in this case that both Plaintiff and Defendant are citizens of Ohio. It is clear, therefore, that the Court does not have diversity jurisdiction over this matter.

Section 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983 (2000). The statute is limited to "deprivations of *federal* statutory and constitutional rights" and does not cover "official conduct that allegedly violates *state* law." *Huron Valley Hosp. Inc. v. City of Pontiac*, 887 F.2d 710, 714 (6th Cir. 1989); *Michael v. Ghee*, 498 F.3d 372, 375-76 (6th Cir. 2007) (quoting *Neinast v. Bd. of Trs. of the Columbus Metro. Library*, 346 F.3d 585, 597 (6th Cir. 2003) (internal quotations omitted)). Defendant has the authority to garnish Plaintiff's wages pursuant to Ohio Rev. Code §3121.03(A)(1)(a). This provision provides that a child support enforcement agency has the power to require the payor to "[w]ithhold from the obligor's income a specified amount for support in satisfaction of the support order." Ohio Rev. Code § 3121(A)(1)(a). Plaintiff is alleging that Defendant is wrongfully garnishing his social security wages, and such an action is clearly challenging "official conduct that allegedly violates state law."

Furthermore, pursuant to the Rooker-Feldman doctrine,"[w]here a constitutional issue could have been reviewed on direct appeal by the state appellate courts, a litigant may not seek to reverse or modify [a] state court judgment by bringing a constitutional claim under 42 U.S.C. § 1983." *See Harless v. Dep't of Child Prot. Serv., Tarrent County Texas*, No. 3:99CV-74-S, 1999 WL 33756653, at *3 (W.D. Ky. Feb. 10, 1999) (quoting *Anderson v. Colorado*, 793 F.2d 262, 263 (10th Cir. 1986)) (holding that the court lacked federal question jurisdiction because the plaintiffs were essentially seeking to undo a custody decision made by the state court, thus, their only recourse was to exhaust their appeals in the state court system). Federal courts do not have

4

"jurisdiction to perform, in effect, appellate review of state court decisions." *U.S. v. County of Muskegon*, 298 F.3d 569, 578 (6th Cir. 2002). Plaintiff is seeking modification of a decision entered by the Meigs County Court of Common Pleas that it could not amend or modify the amount or terms of alimony or spousal support. Thus, similar to the plaintiff in *Harless*, Plaintiff is seeking to undo a decision made by a state court.

Finally, it is well settled that domestic relations matters, including issues surrounding alimony decrees, have been traditionally left to the states. "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (quoting *Ex Parte Burrus*, 136 U.S. 586, 593-94 (1890)); *Elk Grove Unified School Dist. v. Newdow*, 542 U.S. 1, 12 (2004) (internal quotation omitted). The federal government has no power to regulate any aspect of domestic relations law; only state courts have jurisdiction over domestic relations matters. *McLaughlin v. Cotner*, 193 F.3d 410, 412 (6th Cir. 1999). Furthermore, compliance with alimony decrees is monitored by state and local organizations. *Ankenbrandt*, 504 U.S. at 703-04. "[S]tate courts are more eminently suited to work of this type than are federal courts, which lack the close association with state and local government organizations dedicated to handling issues that arise out of conflicts over divorce, alimony, and child custody decrees." *Ankenbrandt*, 504 U.S. at 704, *cited by McLaughlin*, 193 F.3d at 413; *see also Hardwick v. Boyd County Fiscal Court*, No. Civ.A.05CV00107-HRW, 2005 WL 2977775, at *3 (E.D. Ky. Nov. 7, 2005) (finding no federal question jurisdiction under § 1983 in a claim involving administration of a local tax; the court noted that the resolution of the plaintiffs' claim would involve a great deal of analysis under state law, making the state court best suited to hear the claim). The central issue surrounding Plaintiff's claim involves the modification or termination of the alimony decree

5

entered by the Meigs County Court of Common Pleas. As was the case in *Hardwick*, the resolution of the Plaintiff's claim in this case will involve a great deal of analysis under Ohio law governing divorce and alimony decrees. Furthermore, the Meigs CSEA is a local agency subject to regulation by the State of Ohio.

Because Plaintiff is challenging "official conduct that allegedly violates state law," is seeking to undo a decision made by a state court, and is trying to modify or terminate an alimony decree (which is a domestic relations matter that is regulated by the State of Ohio), this Court lacks subject matter jurisdiction to hear Plaintiff's claim. If Plaintiff wants to challenge the Meigs County Court of Common Pleas decision, such challenge should be brought to the Ohio Fourth District Court of Appeals.

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion to Dismiss the Petition for Injunction pursuant to Federal Rule of Civil Procedure 12(b)(1). This case is **DISMISSED**. All pending motions are **MOOTED**.

**IT IS SO ORDERED.**

                                                   s/Algenon L. Marbley
                                                 **ALGENON L. MARBLEY**
                                                 **UNITED STATES DISTRICT COURT**

**Dated: March 30, 2009**